## 63651. WASHINGTON LOAN & BANKING COMPANY v. MITCHELL.

SHULMAN, Presiding Judge.

Appellant bank appeals from a verdict and judgment against it in the amount of $1,512.40 on a suit brought by appellee Mary Agnes Mitchell for the unauthorized transfer of funds from a joint account. "Because the appeal is from a judgment denying the motions for new trial and judgment notwithstanding the verdict on general grounds, the sole issue for determination by this court is whether there is any evidence sufficient to authorize the verdict. [Cits.]" *Lee v. Newman,* 240 Ga. 483 (241 SE2d 241).

From the evidence presented at trial, the jury was authorized to conclude that, in 1966, appellee and her now-deceased father, Reuben Smith, had opened a joint savings account with appellant bank in the names of M. A. Mitchell and Reuben Smith. There was evidence that appellee had been told by the president of the bank when the account was opened that both she and her father had to be present to withdraw funds from the account, that "neither could withdraw unless the other one knew about it," and that all parties had acted pursuant to this verbal understanding. Thus, the jury could conclude that the bank had acted without proper authorization when it transferred funds from the Mitchell-Smith joint account on the "signature" (an "x") of Reuben Smith alone, and the trial court did not err when it denied the bank's motions for new trial and for judgment notwithstanding the verdict.

Furthermore, the signature card which embodied the contract between the parties was ambiguous since both the names of appellee and her late father appeared on the front of the card, but only Reuben Smith's "x" appeared on the reverse side. In light of this ambiguity, the trial court was authorized to permit appellee's contemporaneous parol evidence in an effort to determine the parties' intent. Code Ann. § 20-704 (1); *Southern Fed. Sav. &c. Assn. v. Lyle,* 249 Ga. 284 (290 SE2d 455).

*Judgment affirmed. Quillian, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 15, 1982—
REHEARING DENIED JUNE 29, 1982—

*Lawson E. Thompson,* for appellant.

*John F. Lyndon,* for appellee.